FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARL ALONZO BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY TENNEY; COREY ENDO; K. GALLAGHER; LISA ROBTOY; GEORGE MARLTON; JEFFREY PATNODE; LORI GILKE; ELYSE BALMERT; TATEASHA DAVIS; DENNIS TAUT; THOMAS SAHLBER; LYNN DELANO; KECIA RONGEN; JOHN AUSTIN; JOANNE MAIDA; RICHARD LAROSA; PATRICIA PEREIRA; DAVID WEBBER; JOHN DOE PAGE; TIMOTHY JOHNSON; CAREY HUFFMAN; and NINA ELMORE,<br><br>Defendants. | No. 4:23-CV-05163-SAB<br><br>**ORDER OF DISMISSAL** |

Before the Court is a Defendants' Objection to Removal and Request to Stay Proceedings, ECF No. 3, as requested by Department of Corrections Defendants ("DOC Defendants") Balmert, Davis, Delano, Gallagher, Larosa, Page, Patnode,

**ORDER OF DISMISSAL** *1

1  Pereira, Ramsdell-Gilkey, Robtoy, Rongen, Taut, Sahlberg, and Webber.

2  Plaintiff is *pro se*. Defendants Tenney and Endo are represented by Richard
3  Mount. DOC Defendants are represented by Kelly Fitzgerald. No notice of
4  appearance has been filed for Defendants Marlton, Austin, Maida, Johnson,
5  Huffman, and Elmore.

6  The Court directed co-defendants to respond to the Objection to Removal
7  and Request to Stay Proceedings, ECF No. 3, within 10 days of its order. ECF No.
8  4. Defendants Endo and Tenney filed a response. ECF No. 7. Defendants Marlton,
9  Austin, Maida, Johnson, Huffman, and Elmore did not file a response.

10  After reviewing the record and briefing, the Court considered the removed
11  Complaint, ECF No. 1–1, pursuant to 28 U.S.C. § 1915A. The Court *sua sponte*
12  **dismisses** the Complaint as untimely and for failure to state a claim upon which
13  relief can be granted.

## PROCEDURAL HISTORY

15  This case was filed in Franklin County Superior Court on November 9,
16  2023, under case number 23-2-51068-11. Plaintiff brought claims under 42 U.S.C.
17  § 1985 for conspiracy to interfere with civil rights. On December 1, 2023,
18  Defendants Tenney and Endo removed the case to the Eastern District of
19  Washington, pursuant to 28 U.S.C. § 1441(a) for original jurisdiction and 28
20  U.S.C. § 1442(a)(3) for removal by an officer of the courts of the United States
21  acting under color of office or in performance of their duties. Tenney and Endo
22  represented Mr. Brooks in an appeal as Federal Defenders for the Western District
23  of Washington.

24  Plaintiff's claims in the present case stem, in part, from his Petition for a
25  Writ of Habeas Corpus under 28 U.S.C. § 2241, which he filed on April 22, 2004.
26  He pled guilty to and was convicted of second-degree murder, first-degree rape,
27  first-degree kidnapping, first-degree assault, three counts of first-degree robbery,
28  and first-degree burglary. He received four consecutive life sentences. He did not

**ORDER OF DISMISSAL** *2

file a direct appeal of his conviction or sentence. His 2004 petition was dismissed as untimely and with prejudice on January 21, 2005. He appealed the dismissal, and the Ninth Circuit granted the Certificate of Appealability. Assistant Federal Public Defenders, and current Defendants, Tenney and Endo were appointed to represent Plaintiff in his appeal, and the Ninth Circuit affirmed the lower court's decisions and dismissed Plaintiff's petition as untimely on March 5, 2007. Tenney and Endo withdrew as counsel.

On November 9, 2023, Plaintiff filed the Complaint in this case in Franklin County Superior Court, alleging Tenney and Endo's representation of him violated his rights under 42 U.S.C. § 1985(3). This filing came roughly 14 years after they represented Plaintiff in his appeal. The claims against the other Defendants involve Indeterminate Sentencing Review Board ("ISRB") reviews and evaluations, as well as Plaintiff's representation during his 1978 trial.

## 28 U.S.C. § 1915A REVIEW

The Court has a duty under 28 U.S.C. § 1915A to review a prisoner complaint. The statute states:

> a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

The Court "must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citing *Cooper v. Pickett*, 137 F.3d 616, 623 (9th

**ORDER OF DISMISSAL *3**

Cir. 1997)).

Based on the facts in the Complaint, Plaintiff claims violations of Section 1985(3), specifically, which bases the cause of action on a conspiracy to deprive him of equal protection under the laws. The basis of a Section 1985(3) claim "must [contain] some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff refers to the discrimination in his case as against "my class of one juvenile," which does not meet the standard in *Griffin*. A class of one juvenile is not a suspect class, nor a recognized class under the law.

Further, Washington State's three-year statute of limitations regarding personal injury actions governs federal Section 1985 claims brought in the state. R.C.W. 4.16.080(2); *see Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993) (per curiam) (noting state personal injury statutes govern Section 1985 claims).

Plaintiff's claim against Defendants Tenney and Endo are time barred by the three-year statute of limitations because the events that underly the claim occurred when Tenney and Endo represented Plaintiff in 2006 and 2007 as Federal Defenders on his appeal.

Plaintiff's claim against DOC Defendants Gallagher, Balmert, Ramsdell-Gilkey, and Davis involve a 2022 ISRB review of Plaintiff's 1978 sentence. But he fails to explain how they entered into a conspiracy to deprive him of a constitutional right or discriminate against him racially or in a class-based manner. The allegations against these Defendants fail to state a claim upon which relief can be granted. The claim against Defendants Robtoy and Patnode involve a 2018 psychological evaluation and are time barred. The claim against Defendants Taut and Sahlberg was from a 2008 ISRB review and are time barred. The claim against Defendant Pereira involves a 2008 ISRB review and psychological evaluation, which is time barred.

**ORDER OF DISMISSAL** *4

Plaintiff's claims against Defendants Maida and Austin relate to the attorneys' actions in his 1978 plea agreement and presentation of the case, and they are time barred. Plaintiff's claims against Defendant Marlton relates to Marlton's alleged agreement to represent Plaintiff in a 2008 attempt to attack his criminal conviction, and is time barred. Plaintiff's claims against Defendants Johnson, Huffman, and Elmore involve a March 2022 to March 2023 motion Plaintiff alleges they were working but fails to identify they conspired to deprive him of his rights.

Plaintiff fails to note specific factual bases for his claim against Defendants Delano, Larosa, Page, Webber, and Rongen.

No other defendants or claims remain to review.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, ECF No. 1–1, is **DISMISSED**.

2. DOC Defendants' Objection to Removal and Request to Stay Proceedings, ECF No. 3, is **DENIED as moot**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, provide copies to counsel and *pro se* Plaintiff, and **close** the file.

**DATED** this 8th day of February 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER OF DISMISSAL *5**